UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | | |
|---|---|---|---|
| (1) | TYRA HEATON, | ) | |
| | | ) | |
| | Plaintiff, | ) | |
| | | ) | Case No.: __CIV-19-516-F__ |
| v. | | ) | (*formerly McClain County District* |
| | | ) | *Court; Case No.: CJ-2019-83*) |
| (2) | ANTHONY LARGE and | ) | |
| (3) | LARGE'S INDUSTRIAL | ) | |
| | TRANSMISSION SERVICE CORP, | ) | |
| | | ) | |
| | Defendants. | ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants, Anthony Large and Large's Industrial Transmission Services Corp ("Defendants"), hereby remove the above-captioned matter from the District Court of McClain County, State of Oklahoma, to this Court. Pursuant to LcvR 81.2(a), a copy of the State Court Docket Sheet as well as all documents filed or served in the state court action are attached hereto as EXHIBITS 1 - 8. Defendants have neither received nor filed other pleadings or papers in this matter.

The removal of this matter to federal court is based on the following:

### FACTUAL BACKGROUND

1.     This case arises out of an automobile accident that occurred on June 22, 2018, between Anthony Large and Plaintiff. (Petition, ¶4, EXHIBIT 2.)

2.     Plaintiff alleges Anthony Large recklessly and negligently drove his vehicle causing a collision with the Plaintiff. (Petition, ¶4, EXHIBIT 2.)

3.      Specifically, Plaintiff alleges Anthony Large failed to use reasonable care in operating his vehicle, failed to devote full time and attention to his driving, failed to keep a proper lookout and failed to "use the means at hand" to avoid striking Plaintiff's vehicle. (Petition, ¶5, **Exhibit 2**.)

4.      According to Plaintiff, as a result of the accident, she suffered multiple physical injuries and endured mental anguish and suffering.  (Petition, ¶6, **Exhibit 2**.)

5.      On May 13, 2019, Plaintiff filed the present lawsuit in the District Court of McClain County, Oklahoma, asserting claims against Defendants.  Plaintiff is claiming in excess of $75,000.00. (*See generally,* Petition, **Exhibit 2**.)

<u>**Jurisdiction**</u>

6.      "'Federal courts are courts of limited jurisdiction.  They possess only the power authorized by the Constitution and statute . . . .'" *Razul v. Bush*, 542 U.S. 466, 489 (2004) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 475, 337 (1994)).  For a federal court to have original jurisdiction over a case or controversy, there must exist a federal question or diversity jurisdiction.  Generally, jurisdiction depends upon the state of things at the time of filing.  *See Groupo Dataflux v. Atlas Global Group*, *L.P.*, 541 U.S. 567 (2004).

7.      At the time of filing, federal question jurisdiction did not exist, as Plaintiff's Petition does not contain allegations that the Constitution or any other federal statute had been violated. (*See generally,* Petition, **Exhibit 2**.)

8.      However, as shown below, pursuant to 28 U.S.C. § 1332(a)(2), this action is a civil action over which this Court has original jurisdiction.  The parties are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

**COMPLETE DIVERSITY EXISTS**

9.      According to Plaintiff's Petition, at the time of filing, she was a resident of the State of Oklahoma. (*See* Petition, ¶1, **EXHIBIT 2**.) Therefore, upon information and belief, Plaintiff is a citizen of the State of Oklahoma. (*See Groupo Dataflux*, *supra* (stating that jurisdiction depends upon the state of things at the time of filing)).

10.      At the time of filing, Defendant Anthony Large was a resident and citizen of the State of Texas. (*See* Petition, ¶2, **EXHIBIT 2**.)  Plaintiff makes no allegations in her Petition against Defendant Large's Industrial Services Corp.

11.      Nonetheless, for purposes of diversity jurisdiction, a corporation shall be deemed a citizen of any state by which is has been incorporated and the state where it maintains its principal place of business.  28 U.S.C. § 1332(c).  While Congress did not define "principal place of business," the Supreme Court has held that a corporation's principal place of business is presumed to be the place of the corporation's headquarters or "nerve center." *Hertz Corp v. Friend,* 599 U.S. 77, 81-82 (2010).

12.      Defendant Large's Industrial Transmission Service is incorporated under the laws of the State of Texas and maintains its principal place of business in Texas. Therefore,

for purposes of diversity jurisdiction, Defendant is not a citizen of the State of Oklahoma. (*See* Texas Secretary of State Business Organizations Inquiry, **EXHIBIT 9**.)

13.     As Plaintiff and Defendants are citizens of different states, complete diversity of citizenship exists between the parties.

### THE AMOUNT IN CONTROVERSY
### EXCEEDS THAT REQUIRED BY 28 U.S.C. § 1332.

14.     Diversity jurisdiction also requires the removing party to demonstrate the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332.

15.     In the instant case, this requirement is also met.

16.     The Tenth Circuit has explained "[t]he right of removal depends upon the case disclosed by the pleadings when the petition is filed." *Woerter v. Orr*, 127 F.2d 969, 971 (10th Cir. 1942).  As disclosed by the pleadings, Plaintiff is seeking damages in excess of $75,000.00 from the Defendants.

17.     Specifically, Plaintiff prays for judgment against Defendants "for a total sum in excess of Seventy-Five Thousand and No/100 Dollars ($75,000.00), costs of this action and for such other and further relief as the Court deems just and proper." (Petition, Prayer for Relief, **EXHIBIT 2**.)

18.     Therefore, based on the foregoing, the amount in controversy requirement is also met.

### REMOVAL TO THIS COURT IS TIMELY AND APPROPRIATE

19.     Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed with this Court.  On or about May 13, 2019, Defendants were served with the Summons and

Petition.  As such, it has not been thirty (30) days since Defendants were served with the lawsuit.  (*See* **EXHIBIT 2**.)

20.    Additionally, pursuant to the same federal statute, one year has not elapsed since the commencement of this action. (*See generally*, Petition, filed April 29, 2019, **EXHIBIT 2**.)

21.    The pertinent language of 28 U.S.C. § 1446(a) provides that the defendants shall file the Notice of Removal in "the District Court of the United States for the district and division within which such action is pending." 28 U.S.C. § 1446(a).  Currently this action is pending in the District Court in and for McClain County, State of Oklahoma.  The Western District of Oklahoma includes the County of McClain. 28 U.S.C. § 116(c).  Therefore, removal to this Court is proper.

22.    Pursuant to 28 U.S.C. § 1446(d), Defendants will serve written notice of the filing of this Notice of Removal on counsel for Plaintiff, the adverse party.  Additionally, a copy of the Notice will be filed with the Clerk of the District Court in and for McClain County, State of Oklahoma.

WHEREFORE, the Defendants, Anthony Large and Large's Industrial Transmission Service, Inc., remove this action from the District Court in and for McClain County, State of Oklahoma, to the United States District Court for the Western District of Oklahoma.

Respectfully submitted,

s/ Brad L. Roberson
Brad L. Roberson, OBA No. 18819
Timothy J. Prentice, OBA No. 22689
ROBERSON, KOLKER, COOPER & GOERES, P.C.
Robinson Renaissance Building
119 North Robinson Avenue, 11th Floor
Oklahoma City, Oklahoma 73102
Telephone:   405-606-3333
Facsimile:   405-606-3334
Email:       brad@rkcglaw.com
             tj@rkcglaw.com
**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2019, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Gary C. Bachman, Esquire
Stephen D. Bachman, Esquire

s/ Brad L. Roberson
For the Firm

I hereby certify that on June 6, 2019, I served the same document *via* U.S. Mail to the following, who is not a registered participant in the ECF system:

Pam Beller, Court Clerk
McClain County Courthouse
Post Office Box 629
Purcell, Oklahoma 73080

s/ Brad L. Roberson
For the Firm